Honorable Larry Mead Representative, District 111 1815 Highridge Drive Columbia, Missouri 65201
Dear Representative Mead:
This letter is in response to your request for an opinion asking as follows:
 "Are Collectors of Revenue in second class counties authorized to retain a commission, which would be part of their overall salary, for the collection of taxes from a levee or drainage district? Can they retain commissions on back and delinquent tax collections in addition to their set salary?"
You further state:
 "Section 52.420 RSMo 1969, Sup 1975, which was enacted in 1969 states that: `The salary shall be in lieu of all fees, commissions, penalties, charges and other compensation now charged, received or allowed by virtue of any statute, to any such collector as compensation for his services except the compensation provided by subsection 3 of this section.'
 "Section 52.270(3) RSMo 1969, Sup 1975, which was enacted in 1973, states that: `The limitation on the amount to be retained as herein provided applies to fees and commissions on current taxes, but does not apply to commissions on the collection of back and delinquent taxes and ditch and levee taxes nor to fees provided by section 52.250.'
 "Since sections 52.260 and 52.270 seem to apply to second class county collector's to some degree and since section 52.420, establishing a set salary was passed earlier (1969) whereas sections 52.260 and 52.270 were passed in 1973 the question arises as to whether or not second class county collectors are entitled to any of the commissions listed in section 52.270(3)?"
Section 52.420, RSMo Supp. 1975, provides:
 "1. The county collector in all counties of the second class shall receive, as compensation for his services, an annual salary of thirteen thousand five hundred dollars.
 "2. The salary shall be in lieu of all fees, commissions, penalties, charges and other compensation now charged, received or allowed by virtue of any statute, to any such collector as compensation for his services except the compensation provided by subsection 3 of this section.
 "3. In all counties of the second class in which the county collector has entered into a contract with a constitutional charter city providing for the collection of municipal taxes by the collector, the collector shall be paid as compensation for the additional duties an annual salary of three thousand dollars, during the period in which the contract is effective, payable out of the county treasury."
Subparagraph 3 of Section 52.270, RSMo Supp. 1975, provides:
 "The limitation on the amount to be retained as herein provided applies to fees and commissions on current taxes, but does not apply to commissions on the collection of back and delinquent taxes and ditch and levee taxes nor to fees provided by section 52.250."
It should be noted, however, that Section 52.270 refers to limitations on fees and commissions of collectors and the classifications indicated in subdivision (1) to (14) of Section 52.260, RSMo Supp. 1975. Section 52.260, however, pertains to only those collectors specified in the first paragraph of that section, to wit:
 "The collector in counties not having township organization, except in counties of the first class not having a charter form of government, shall collect and retain the following commissions for collecting all state, county, bridge, road, school and all other local taxes, including merchants', manufacturers' and liquor and beer licenses, other than back, delinquent and ditch and levee taxes, and the commissions constitute his compensation except in counties where the collector is paid a salary in lieu of fees:"
(Emphasis added)
We also note that subsection 3 of Section 52.270, which you note and which we have quoted, was also contained in the Missouri laws at the time of the enactment of Section 52.420, also quoted above, which provided for an annual salary for collectors in counties of the second class. We therefore conclude in answer to your first question that collectors in second class counties are not authorized to retain a commission in addition to their salary for the collection of back and delinquent taxes and ditch and levee taxes.
We also understand that you have a copy of our Opinion No. 67, dated May 5, 1955, to Norton, in which we held that the collector of revenue in a county of the second class is entitled to receive for his services a salary provided in Section 52.420, RSMo Supp. 1953, and that he may not receive further or additional compensation arising from the collection of drainage or levee district taxes. You question the validity of that opinion. While, as you noted, there have been changes in the statutes which were quoted in that opinion, it is our view that the conclusion is still correct and the reasoning of that opinion which draws a distinction between the sections you have cited, Sections 52.420,52.260 and 52.270 is still valid.
Very truly yours,
 JOHN C. DANFORTH Attorney General